**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Scott D. Lynch,

      Plaintiff,

      v.                            Case No. 1:05cv599

Fortis Benefits Ins. Co., *et al.*,              Judge Michael R. Barrett

      Defendants.

## <u>ORDER</u>

This matter is before the Court upon Magistrate Judge's Report and Recommendation ("R&R") that Defendant's Motion to Affirm the Administrative Decision (Doc. 34) be denied; Plaintiff's Motion to Reverse the Administrative Decision (Doc. 27) be granted; and this matter be remanded to the administrator.  (Doc. 51)  The Magistrate Judge also recommends denying as moot the Parties Motions for Summary Judgment (Docs. 17, 23, 24) pursuant to *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (holding that summary judgment procedures are inapposite to actions under ERISA seeking recovery of plan benefits).

The Parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1]  Plaintiff Scott D. Lynch filed objections (Doc. 60), to which Defendant Union

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Security Insurance Company ("USIC")[2] filed a Response (Doc. 64), and Plaintiff filed a

Reply (Doc. 65).  USIC also filed objections to the R&R.  (Doc. 61)

As the Magistrate Judge explained, this is an ERISA action wherein Plaintiff is

seeking benefits under a group life insurance policy issued by USIC to the Ohio Education

Association ("OEA") covering the life of his mother, Nancy Kelly ("decedent").  At issue is

the interpretation of change-of-beneficiary provisions of a life insurance policy.  The Policy

provides:

> You may change your beneficiary at any time. Any request to name or
> change the beneficiary must be in writing on a form acceptable to us and
> signed by you.  After we received the request at our home office, the change
> will take effect on the date you signed it. A beneficiary change will be without
> prejudice to us for any payment we made before we received notice in our
> home office.
> ***
> You may also send a request to change the beneficiary to the main office of
> the policyholder.  The change must be made in a manner acceptable to us.

(AR USP18)

On October 12, 2004, USIC's home office in Kansas City, Missouri was notified that

the decedent had died. (AR US47-48)  Based on its records designating the decedent's

husband, Defendant Kelly, as the beneficiary, USIC paid the policy benefits to Kelly on

October 26, 2004.

However, on October 12, 2004, USIC's office in Indianapolis received a copy of a

letter from Plaintiff to the OEA dated October 7, 2004, in which Plaintiff enclosed an Unum

Enrollment Form partially completed by the decedent, Nancy Kelly.  (AR US8, 14)  The

Unum Form names Plaintiff as the beneficiary of life insurance coverage and appears to

---

[2]Formerly known as Fortis Benefits Insurance Company.

have been executed by the decedent on "9/__/2003."  (AR US14)  When the OEA later contacted the USIC regarding a claim for benefits on behalf of Plaintiff, USIC informed the OEA that USIC had already paid the Policy's benefits to Kelly.

On December 8, 2004, USIC's home office received a copy of a letter dated October 7, 2004 from Plaintiff, wherein he asserted entitlement to the Policy's benefits based upon the form executed by the decedent in September 2003.  Plaintiff asserted that the form designated him the decedent's beneficiary under USIC's policy.

On August 10, 2005, Plaintiff initiated the instant action.

The Magistrate Judge found that USIC never made a determination regarding whether the request to change beneficiary sent by Plaintiff on October 7, 2004 was "made in a manner acceptable" to it.  Therefore, the Magistrate Judge concluded that remand was proper because there were factual determinations that needed to be made in order to determine whether a participant is entitled to benefits.

USIC argues that the Magistrate Judge erred by finding that sending the Unum form to OEA was proper; failing to find that the request to change the beneficiary was not effective; and failing to apply a provision of the Policy which provides that "[a]ny amount we pay in good faith releases us from further liability for that amount."

Plaintiff argues that a remand is not necessary because USIC has already made a determination to pay the benefits to Kelly.

The Court finds that the Magistrate Judge properly determined that the clear language of the Policy permitted the change of beneficiary notice to be sent to the OEA. The Policy states: "You may also send a request to change the beneficiary to the main office of the policyholder."  The Court also finds that contrary to the Parties arguments,

remand is proper because USIC has yet to determine whether the notice sent to the OEA was "acceptable."

As the Magistrate Judge correctly noted, remand is appropriate where such factual determinations still need to be made to determine whether benefits should be granted. *Williams v. International Paper Co.*, 227 F.3d 706, 715 (6th Cir. 2000). Because the record does not contain a finding whether the form relied upon by Plaintiff was "acceptable" to effectuate a change of beneficiary under the Policy, remand is proper.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's R&R. Accordingly, the Magistrate Judge's R&R (Doc. 51) is hereby **ADOPTED** and it is hereby **ORDERED** that:

1. The Parties' Motions for Summary Judgment (Docs. 17, 23, 24) be **DENIED as MOOT** in accordance with *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998);

2. Defendant's Motion to Affirm the Administrative Decision (Doc. 34) be **DENIED**;

3. Plaintiff's Motion to Reverse the Administrative Decision (Doc. 27) be **GRANTED**; and

4. This matter be remanded to the administrator for a determination whether the change-of-beneficiary form submitted by the decedent to the OEA was made in a manner acceptable to USIC under the Policy.

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_
Michael R. Barrett, Judge
United States District Court